UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

$19,020.00 in U.S. currency,

       Defendant.

MEMORANDUM OPINION
AND ORDER
Civil No. 05-1139 ADM/AJB

_____

James S. Alexander, Esq., Assistant United States Attorney, appeared for and on behalf of Plaintiff.

Caroline Durham, Esq., Durham Law Office, Minneapolis, MN, appeared for and on behalf of Claimant Brandon Swanson.

_____

On December 5, 2005, oral argument before the undersigned United States District Judge was held on Plaintiff United States of America's (the "government" or "Plaintiff") Motion for Default Judgment and Motion to Strike Answer to Complaint [Docket No. 15]. In its Complaint for Forfeiture In Rem [Docket No. 1], which was accompanied by the Affidavit of John Sigfrinius [Docket No. 3], the government alleged the defendant currency is subject to forfeiture under 21 U.S.C. § 881(a)(6).

On June 10, 2005, a Warrant of Arrest and Notice In Rem was issued by the court. The Warrant and Notice directed the United States Marshal to arrest the defendant currency and serve notice on all persons and entities with an interest in the currency. The Warrant and Notice required any person or entity with such an interest to file a verified statement of interest with the clerk of the court within 30 days of service, as well as an answer to the Complaint within 20 days of service. On July 11, 2005, Claimant Brandon Swanson was served with a copy of the

Complaint, supporting Affidavit, Warrant, and Notice. Alexander Decl. [Docket No. 14] Ex. A. Additionally, notice of the forfeiture action was published in *Finance and Commerce* on July 6, 13, and 20, 2005. Affidavit of Publication [Docket No. 4].

Swanson filed an Answer [Docket No. 5] to the Complaint on July 28, 2005. Swanson, however, failed to file the required verified statement of interest within 30 days of service of the Complaint upon him. In the August 24, 2005 Rule 26(f) Report [Docket No. 10], the government stated its intention to strike Swanson's Answer for failure to file the verified statement of interest. On September 1, 2005, Magistrate Judge Arthur J. Boylan filed a Pretrial Scheduling Order [Docket No. 12], which set November 1, 2005 as the final date for amendments to the pleadings.

On September 19, 2005, the government advised Swanson's attorney that if Swanson's verified statement of interest was not filed by September 29, 2005, the government would move to strike Swanson's Answer. Alexander Decl. Ex. C. Swanson's attorney responded by asserting the Scheduling Order gave Swanson until November 1, 2005, to file his verified statement.

The government, on October 4, 2005, advised Swanson's attorney that if his verified statement was not filed by October 7, 2005, the government would move to strike his Answer and seek a final order of forfeiture. Swanson's attorney responded by claiming that the statement would be filed by October 14, 2005. Alexander Decl. Ex. F. A verified statement appears to have been filed on October 14, 2005 [Docket No. 18].[1]

---

[1] There is some confusion as to precisely what date the verified statement was filed. Although the Court's electronic docketing system lists the filing date as October 14, 2005, the verified statement itself is dated March 4, 2005, and the cover letter from Swanson's attorney is

21 U.S.C. § 881(a)(6) provides for civil forfeiture of: "all monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance." 18 U.S.C. § 983 sets forth the standards by which money is forfeited. Among other requirements, § 983 requires any person with an interest in the property sought to be forfeited to file a timely verified statement of interest and a timely answer. 18 U.S.C. § 983(a)(4)(A)-(B); Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims. The Eighth Circuit has held that a district court does not abuse its discretion when it requires strict compliance with this rule. United States v. Ford 250 Pickup 1990, VIN #1FTHX26M1LKA69552, 980 F.2d 1242, 1245 (8th Cir. 1993) (citations omitted). The court further held in Ford 250 that "an answer, standing alone, is insufficient to satisfy [the rule] . . . . Strict compliance with the rule requires both a claim and an answer." Id. (citations omitted). Finally, the court stated that "[i]n order to avoid the strict requirements of [the rule], the party attempting the untimely filing must show excusable neglect or a meritorious defense." Id. (citations omitted).

Here, Claimant Swanson has neither demonstrated excusable neglect nor a meritorious defense. Swanson contends that the Scheduling Order extended the date that he was allowed to file his verified statement to November 1, 2005. However, the Scheduling Order sets a November 1, 2005 deadline to file motions to amend the pleadings. Scheduling Order at 2. It did not extend the deadline for initial filings. Furthermore, no authority is presented for the

---

dated October 15, 2005. Further complicating matters is the assertion of Swanson's attorney that she could not get Swanson's signature on an updated verified statement on October 14, 2005, because Swanson was in the hospital at the time due to a motorcycle accident. However, the precise date of the filing does not change the analysis of this Order.

proposition that a verified statement is a pleading. Federal Rule of Civil Procedure 7(a) specifies the pleadings in a civil case, but does not list verified statements. Finally, assuming the government has authority to unilaterally extend the filing date of the verified statement, the last date it offered Swanson to file his verified statement was October 7, 2005, a week prior to the date Swanson actually filed the verified statement. Additionally, the government is under no obligation to advise opposing counsel of the procedural requirements.

Swanson also has not presented a meritorious defense. The Complaint in this action alleges that when the money was seized, police had approached an apartment in Plymouth, Minnesota, following reports of drug use and possession of a gun at the apartment. Compl. ¶ 3. When Swanson emerged from the apartment, he hid a brown paper bag behind his body. Believing the bag may contain a firearm, an officer handcuffed Swanson, at which time the officer saw the currency in the bag. Id. The officer also felt a hard object in Swanson's pocket, which Swanson identified as marijuana in a film canister. Id. Later, Swanson told police he intended to use the money in the paper bag as payment for cocaine he received in 1999. Id. ¶ 8. Although the currency was not specifically identified in the search warrant possessed by police at the time of the arrest, given the incidents that occurred the night of the arrest and the statements by Swanson, the Plymouth police had ample probable cause for arrest and seizure of the currency.

Swanson's Answer and untimely verified statement fail to present a meritorious defense to the allegations of the Complaint. In the verified statement and Answer, Swanson alleges the money was unlawfully seized because the search warrant did not specifically name the currency; however, Swanson does not deny, nor address, any of the events of the night the arrest occurred.


A meritorious defense can not be found on these barest of allegations by Swanson.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment and Motion to Strike Answer to Complaint [Docket No. 15] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 19, 2005.